IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY JOSEPH ESTRADA,

    Petitioner,

v.                                                                                            No. 13-cv-1129 JB/RHS

JOE GARCIA, WARDEN, and
GARY K. KING, NEW MEXICO
ATTORNEY GENERAL,

    Respondents.

MAGISTRATE JUDGE'S PROPOSED
FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Petitioner Anthony Joseph Estrada's Petition Under 28 U.S.C. § 2254 (Doc. 5). The matter has been referred to the undersigned to analyze and to recommend a disposition to the assigned District Judge (Doc. 2). After a careful review of the Petition (Doc. 5), Respondents' Answer (Doc. 10), Petitioner's Reply (Doc. 11) and other documentation available to the Court, it is recommended that the Petition be denied and the case be dismissed with prejudice.

FACTUAL AND PROCEDURAL BACKGROUND

On November 13, 2009, Petitioner entered into a Repeat Offender Plea and Disposition Agreement ("Plea Agreement") wherein he pled guilty to:

    a. Counts 1 and 2: fourth-degree possession of a controlled substance (felony- narcotic drug;
    b. Count 6: misdemeanor resisting, evading, or obstructing an officer;
    c. Count 8: misdemeanor criminal harassment;
    d. Count 9: misdemeanor attempt to commit a felony (distribution of marijuana);
    e. Count 10: second-degree trafficking (by possession with intent to distribute).

(See Doc. 10-1 at 6) (in exchange for entering into the Plea Agreement, four counts against Petitioner were dismissed).  Petitioner waived his right to pursue a direct appeal under the terms of the Plea Agreement (Doc. 10-1 at 9).

Petitioner was sentenced on December 22, 2009, to a total term of imprisonment of twenty-seven (27) years (Doc. 10-1 at 1-5).  The state court entered its Judgment and Order and Commitment to Penitentiary Partially Suspending Sentence.  Id.  The state court suspended all but thirteen and a half (13½) years of Petitioner's sentence.  Id.  On March 22, 2010, Petitioner filed a Motion for Reconsideration of Sentence and claimed that the sentencing enhancement pursuant to the habitual offender act were unconstitutional (Doc. 10-1 at 21-23).  The state court denied the Motion for Reconsideration on April 29, 2010 (Doc. 10-1 at 26).  More than two years later, on September 12, 2012, Petitioner filed a Motion to Amend Judgment and Sentence to Credit Pre-Sentenced Confinement which was also denied by the state court (Docs. 10-1 at 29).  On September 20, 2013, Petitioner filed his state petition for writ of habeas corpus (Doc. 10-2 at 1-8).  The state court denied the petition (Doc. 10-2 at 14).  Petitioner filed a Petition for Writ of Certiorari to the Eleventh District Court of New Mexico (Doc. 10-2 at 17-20).  The New Mexico Supreme Court denied the Writ of Certiorari on November 4, 2013 (Doc. 10-2 at 35).

On November 22, 2013, Petitioner filed the instant Petition Under 28 U.S.C. § 2254 seeking federal habeas corpus relief.  The Court filed its Order to Cure Deficiency on December 2, 2013 (Doc. 3).  Petitioner filed his amended petition entitled "In Response to Court's Order [ ] Deficiency" (Doc. 5).  Petitioner raised three grounds for relief: (1) double jeopardy alleging that Counts 1 and 2 of the State criminal proceeding were for the same conduct occurring on the same date, (2) conspiracy by the State court judge, prosecutor and defense counsel to enhance Petitioner's sentence using an allegedly invalid prior felony conviction, and (3) ineffective

assistance of counsel based on defense counsel's alleged failure to properly investigate in connection with the plea agreement (Doc. 5).  Respondents filed their Answer (Doc. 10) on January 28, 2014.  Respondents assert that the Petition should be dismissed for two reasons: primarily, because it is time-barred and, in the alternative, because Petitioner failed to exhaust two of his three claims (Doc. 10).

## STANDARD OF REVIEW

A claim that has been adjudicated on the merits in state court will be reviewed under the deferential standard of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Turrentine v. Mullin, 390 F.3d 1181, 1188 (10th Cir. 2004).  28 U.S.C. § 2254(a) provides that a Petitioner must demonstrate that he "is in state custody in violation of the Constitution or laws or treaties of the United States."  Under § 2254, a Petitioner is entitled to federal habeas relief only if he can establish that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" § 2254(d)(1), or  "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254 (d)(2).  Petitioner must also demonstrate that he "has exhausted the remedies available in the courts of the State." § 2254(b)(1)(A).

## ANALYSIS

Respondents argue that Petitioner is not entitled to any relief because (1) the Petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1), and (2) Petitioner failed to satisfy the exhaustion requirement set forth in 28 U.S.C. § 2254(b)(1)(A).  Petitioner argues that his Petition is not time barred because "the records and files will clearly reveal that [Petitioner] … made numerous attempts to force counsel into filing motions, habeas reconsideration of sentence" (Doc. 11 at 3).

He claims that it would be a "miscarriage of justice" to grant dismissal. Id. Petitioner further argues that he "sufficiently apprised state court of constitutional . . . claims" and while he "may not have presented his claims in a professional manner . . . he notified the court of constitutional violations" (Doc. 11 at 2)

The AEDPA provides a one-year statute of limitations for habeas corpus petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Options (B)-(D) do not apply in this matter, so Petitioner's limitation period falls under subparagraph (A). Petitioner's November 22, 2013, federal habeas petition was filed far beyond the § 2244 one year limitations period. However, § 2244 also contains a provision that establishes a tolling period under certain circumstances. Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review. . .is pending shall not be counted toward any period of limitation under this subsection."

It is undisputed that Petitioner's state court Judgment (Doc. 10-1 at 1) was filed on December 22, 2009 and became final thirty days later on January 21, 2010. See NMSA 1978, 39-3-3(A) (which states that a criminal defendant has thirty days from entry of final judgment to file a notice of appeal). Petitioner filed his Motion for Reconsideration of Sentence (Doc. 10-1 at

21) on March 22, 2010 which was denied on April 29, 2010.  The Motion for Reconsideration was filed sixty (60) days after the judgment became final and while the Motion for Reconsideration was pending the time to file a federal habeas petition was tolled thirty-eight (38) days.  See 28 U.S.C. § 2244(d)(2).  By the Court's calculation, Petitioner had until February 28, 2011 to file for federal habeas corpus review. § 2244 (d).

On September 12, 2012, Petitioner filed a Motion to Amend Judgement (sic) and Sentence to Credit Pre-Sentenced (sic) Confinement (Doc. 10-1 at 27).  Then, Petitioner waited until September 20, 2013, to file his state habeas petition and on November 22, 2013, Petitioner filed the federal habeas Petition, which was more than two and a half (2½) years after the one-year deadline imposed by § 2244 (d)(1).

While the filing of a state habeas petition or other collateral review tolls the limitations period, it does not restart the one-year clock. Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000) (FN3 citing an unpublished Order and Judgment in Baker v. Saffle, No. 00-6022, 2000 WL 1144971, at *1 (10th Cir. Aug. 14, 2000)).  Accordingly, the instant Petition is time-barred, since the one-year statute of limitations period expired on February 28, 2011.  In light of the fact that the pleading is time-barred, the Court recommends dismissal of the Petition (Doc. 5).

Respondents raise a second, alternative argument for dismissal based on Petitioner's filing of a mixed petition.  They contend that Petitioner failed to meet the exhaustion requirement set forth in 28 U.S.C. § 2254 (b)(1)(A) (Doc. 10 at 9).  Petitioner concedes that he "now understands that his state petitioner (sic) both habeas corpus and certiorari was not adequate" (Doc. 5 at 9).  As discussed above, Petitioner's untimely filing is unequivocal and therefore the Court finds it unnecessary to consider Respondents' alternative exhaustion argument.

Finally, the Court considers Petitioner repeated requests for an evidentiary hearing (Doc. 5 at 5, Doc. 11 at 3, 4, 6, and 8).  Respondents argue that an evidentiary hearing is not necessary because (1) the Petition is time-barred and subject to dismissal with prejudice and (2) Petitioner's claims can be resolved on the record (Doc. 12).  "The purpose of an evidentiary hearing is to resolve conflicting evidence."  Hooks v. Workman, 606 F.3d 715, 731 (10th Cir. 2010) (citing Anderson v. Attorney General of Kansas, 425 F.3d 853, 860 (10th Cir. 2005)).  There is no conflicting evidence of Petitioner's untimeliness in filing his Petition for federal habeas review.  The record is undisputed, the Petition was untimely and therefore an evidentiary hearing is not required nor would a hearing materially assist the Court in recommending a disposition.

## RECOMMENDED DISPOSITION

The Court concludes that Petitioner is not entitled to any relief with respect to the claims raised in his § 2254 Petition.  Therefore, the Court recommends that Petitioner Anthony Joseph Estrada's Petition (Doc. 5) be DENIED and that this civil proceeding be DISMISSED WITH PREJUDICE in its entirety.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition.  A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations.  If objections are not filed, appellate review will not be allowed.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE